# IN THE COURT OF APPEALS OF IOWA

No. 18-1770
Filed December 19, 2018

**IN THE INTEREST OF L.C.,**
**Minor Child,**

**E.H., Mother,**
    Appellant,

**K.C., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.

The mother and father appeal the termination of their parental rights with

regards to their child. **AFFIRMED ON BOTH APPEALS.**

Bryan Webber of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem

for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

The mother and father separately appeal the termination of their parental rights. The parents both argue the State has not established the grounds for termination by clear and convincing evidence, termination is not in the best interests of the child, and the district court should have granted an extension of time.

L.C. was born premature at thirty-three weeks in September 2017 with complicated health issues. L.C. spent her first eight weeks of life in the neonatal intensive care unit (NICU) and was diagnosed with laryngomalacia, bilateral hydronephrosis, and bilateral choanal stenosis. Because of these diagnoses, she could not be fed orally and a gastrostomy tube was surgically inserted into her stomach. The Iowa Department of Human Services (DHS) became involved on October 25 due to concerns of the parents' inability to adequately address L.C.'s serious medical needs.

The State petitioned for, and the district court ordered, temporary removal on October 30.[1] On December 4, L.C. was adjudicated a child in need of assistance (CINA). After many months of unsuccessful attempts to teach the parents how to care for their child, the State filed a petition to terminate parental rights for L.C. on June 21, 2018. On October 1, the district court found the State proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(h) (2018). The mother and father separately appeal.

---

[1] The parents have never provided unsupervised care to L.C. because she spent the first eight weeks of her life in the NICU and she has not been returned to her parents' custody since the removal on October 30, 2017.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight . . . ." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

First, the mother and father separately argue the State did not prove by clear and convincing evidence that their parental rights should be terminated under Iowa Code section 232.116(1)(h). Both parents concede the State established the first three elements but challenge the State's establishment of the fourth requirement, which provides the child could not be returned to the parents' custody "at the present time."[2] The mother asserts she had stable housing and "she ha[d]

---

[2] Paragraph (h) provides termination is warranted if,

    The court finds that all of the following have occurred:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

been compliant with services to the best of her ability" at the time of the termination hearing. The father asserts he had stable housing, graduated high school, had a job interview, and had taken steps to learn about L.C.'s serious medical needs at the time of the termination hearing. In the termination order, the district court stated the parents "have been provided with education about how to care for [L.C.] over the past year but they have not shown the capacity to learn these skills; even with more time and education."

After L.C.'s birth, hospital staff attempted to teach the parents how to care for L.C. during her eight-week stay in the NICU. Their attempts were met with little success. For the next nine months, the parents continued to receive education on and assistance with providing adequate care to L.C. In a June 8, 2018 report to the court, DHS noted, in regards to feeding and providing other care, the parents "continue to demonstrate that they are unable to do these tasks on their own without guidance or assistance." An August 28 report noted the same lack of progress. Unfortunately, due to L.C.'s serious medical needs, the child requires more than just attempts and willingness to care for her needs. Both parents have failed to learn how to safely care for the child without risk of life-threatening medical consequences. Therefore, we agree with the district court that the State has proved grounds for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence.

Next, both parents assert termination is not in the best interests of the child. "In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and

emotional condition and needs of the child." Iowa Code § 232.116(2). Because L.C. has serious medical needs and neither parent has learned how to adequately care for those special needs, we agree with the district court that termination is in the best interests of the child.

Finally, both parents argue the district court should have granted each an extension of time to work towards reunification. The mother asserts she "had sought and secured employment, had housing that she believed was appropriate for the child and . . . she was willing and able to meet the child's needs." The father asserts he has shown L.C. could be returned within an additional six months because he "had graduated high school, had a job interview, and indicated a willingness to learn about how to care for his daughter." Iowa Code section 232.104(2)(b) provides a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In a report to the court, DHS stated, "Due to [L.C.]'s age an extension would not be warranted as we have been involved for over 11 months and parents are still not at a point that they can care for [L.C.] without full supervision. [L.C.] needs to have permanency, consistency and a stable home environment." The parents have been given extensive educational opportunities to learn how to care for their child, and neither parent has demonstrated any retained ability to assure the child's safe care. We agree with the district court additional time for either parent would not extinguish the need for removal. *See id.* § 232.104(2)(b). We therefore affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**